IN THE FEDERAL COURT IN THE DISTRICT OF ALASKA

AT ANCHORAGE ALASKA

THE REYNOLDS TRUST and The )
MARTHA REYNOLD TRUST )
Plaintiffs )
)
v. )
)
BARRY NEIL DEES JR., )
LETICIA PINEDA FLORES, )
and AGUILA INVESTMENTS, INC., LLC, )
dba PORT VALDEZ MARINE AND )
OUTDOORS, Jointly and Severally, )
      Defendants. ) CASE NO. 3:12-cv-00231-SLG

RECEIVED
NOV 2 0 2012
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

## COMPLAINT

  Comes now, The Reynolds Trust, Plaintiff, and files this its complaint against Barry Neil Dees, Jr., Leticia Pineda Flores, and Aguila Investments, Inc. LLC dba Port Valdez Marine and Outdoors, Defendants, jointly and severally and for cause of action would show the court as follows:

1.

  Plaintiffs, The Reynolds Trust and the Martha Reynolds Trust are both Texas trusts. The Reynolds Trust has its principal office at 1106 Ontario Drive, Garland, Texas 75040. The Martha Reynolds Trust maintains its principle office at P.O. Box 368, Valdez, Alaska 99686. Plaintiffs states that nothing under Alaska law prohibits a Trustee from representing a trust pro se. While AS 22.20.040(a)(2) states that a corporation must be represented by council, nothing in Alaska law prohibits a trustee from representing a trust pro se. This is because, in contrast to a corporation, which has a separate legal existence from its shareholders, "an ordinary express trust is not an entity separate from its trustees. " Ziegler V. Nickel, 64 Cal App. 4th 545,548 (Cal.App.2 1998) (citations omitted). Since a trust does not have a separate legal existence from its trustees, AS 22.20.040 (a) allows for a trustee to represent a trust, stating that an action or proceeding may be ... defended by a

1

party in person." Other States such as Hawaii, allow a trustee to represent a trust so long as he or she is the real party in interest. "The general rule is that a trustee may not represent a trust in litigation unless, having the right sought to be enforced, he is the real party in interest." Tradewinds Hotel, Inc v. Cochran, 799 P.2d 60, 66 (Hawaii App. 1990)(citations omitted). While Plaintiff takes the position that nothing under Alaska law prohibits a trustee from representing a trust, and points out that other jurisdictions allow such a practice, Plaintiff is prepared to substitute Larry J. Reynolds; the sole beneficiary of the Reynolds Trust as the pro se.

2.
Defendant, Barry Neil Dees, Jr., ("Dees") is a resident of the State of Alaska and resides at 360 Lowe St., Valdez, Alaska 99686.

3.
Defendant, Leticia Pineda Flores ("Flores") is a resident of the State of Alaska and resides at 360 Lowe St., Valdez, Alaska 99686.

4.
Defendant, Aguila Investments Inc., LLC dba Port Valdez Marine and Outdoors is a limited liability corporation organized under the laws of the State of Alaska with its principal office at 360 Lowe St., Valdez, Alaska 99686.

5.
In December, 2009, Plaintiff loaned $9000.00 cash (Exhibit "A") to Defendant Dees to pay for his daughter's private school tuitions. Defendant failed to pay back the money borrowed.

6.
Defendants borrowed $12,000.00 in December, 2009, to pay Mike Williams rent for the building that housed sporting goods. Defendants have failed to pay back the money borrowed.

7.
Defendant Dees was paid $6,600.00 (Exhibit "A") for a broker's fee on a lot that the Bankruptcy Trustee claimed was unlawfully transferred. Defendant failed to return any fee paid to him for a transaction that was declared unlawful and invalid.

2

8.

Defendants borrowed money in the amount of $231,377.00 (Exhibit "B") between January 1, 2010 through July 1, 2011 for the purchase of assets and loan advances to run their business and failed to make any payments.

9.

Defendant Dees stole, by way of wire fraud the amount of $13,500.00 (Exhibit "C"), the loss of use of $13,500.00 which could have been turned over in inventory and profits four times during the summer construction season. Plaintiff estimates its loss in the amount of $54,000.00 and asks for the matter to be referred to the District Attorney for criminal investigation of wire fraud and theft. In addition it has come to the attention of the plaintiff that Dee's also, forged and cut and pasted a credit application to Gunerama. A supplier located in Spokane, Washington. We ask the Court to refer this matter to the US Attorney for wire fraud

10.

After the assets of Port Valdez Marine and Outdoors was seized and foreclosed upon by Plaintiff and after Defendant Dees was terminated for the cause of fraud, Defendant stole records from Plaintiff which he used to steal money from Peter Pan Seafood in the amount of $8479.17 (Exhibit "D"). The defendants converted the trust collateral by fraudulently representing themselves to still own the business known as Port Valdez Marine and Outdoors. Defendant owes $8479.17 to the Plaintiff.

11.

Defendant Dees (or a family member) stole and forged a Reynolds Trust check ( number 1296) in the amount of $5000.00 (Exhibit "E"). The estimated loss of turnover for these funds is $15,000.00.

12.

Defendants ordered merchandise from vendors (Exhibit "F" through "J") and left a total amount of $61,026.77 unpaid. As the Plaintiff must operate and care for these assets until they are liquidated we must have the cooperation from these suppliers in order to preserve the value of the business and assets. As such, these suppliers must be paid. And we ask for this amount on behalf of these suppliers be paid directly to the suppliers as

Defendants received, ordered and sold said merchandise involved from these suppliers.

WHEREFORE, Plaintiff prays for the following relief:

A. Defendant Dees to repay $9000.00 borrowed for tuition;
B. Defendants repay $12,000.00 borrowed for building rent;
C. Defendant Dees repay the broker's fee of $6,600.00;
D. Defendants repay the amount of $231,377.00 for asset purchase and loan advances as the assets were totally destroyed in a building collapse in January of 2012;
E. Defendants pay for loss of use of monies in the amount of $54,000.00;
F. Defendants repay $8479.17 stolen from Peter Pan Seafood;
G. Defendants pay for loss of use of monies in the amount of $15,000.00 because of forged check;
H. Defendants pay vendors for merchandise ordered and sold in the amount of $61,026.77
I. Full reasonable attorney fees, interest and costs as allowed by law; and
J. Any other relief that is proper, just and equitable on the facts alleged above and/or discovered in the course of litigation.

DATED at Dallas, Texas this __15th__ day of November, 2012.

The Reynolds Trust

By: *Tammy Shewmake*
Tammy Shewmake, Trustee

4

Comes now, The Martha Reynolds Trust, Plaintiff, and files this its complaint against Barry Neil Dees, Jr., Leticia Pineda Flores, and Aquila Investments, Inc., LLC dba Port Valdez Marine and Outdoors, Defendants, jointly and severally and would show the court as follows:

1.

Plaintiff, The Martha Reynolds Trust is a Texas trust with its principal office at 6160 Deep Lake Dr., Valdez Alaska 99686. Plaintiff's Alaska mailing address is P.O. Box 368, Valdez, Alaska 99686.

2.

Defendant, Barry Neil Dees, Jr., ("Dees") is a resident of the State of Alaska and resides at 360 Lowe St., Valdez, Alaska 99686.

3.

Defendant, Leticia Pineda Flores ("Flores") is a resident of the State of Alaska and resides at 360 Lowe St., Valdez, Alaska 99686.

4.

Defendant, Aguila Investments Inc., LLC dba Port Valdez Marine and Outdoors is a limited liability corporation organized under the laws of the State of Alaska with its principal office at 360 Lowe St., Valdez, Alaska 99686.

5.

Defendant Dees, Individually and as President of Defendant Aguila Investments, Inc., LLC dba Port Valdez Marine and Outdoors has represented to individuals in Valdez, Alaska and various vendors for his business that the company was 75% owned by The Martha Reynolds Trust. Plaintiff requests a cease and desist order and preventing Defendants, their family, friends or agents from making statements, verbal or written that Plaintiff has owned or invested in Aguila Investments, Inc., LLC dba Port Valdez Marine and Outdoors. Plaintiff has never loaned Defendants money or invested money with Defendant Dees or Aguila Investments, Inc., LLC. The January 15, 2010 agreement (Exhibit "A") was never acted upon or consummated as Plaintiff did not have funds to invest. Plaintiff requests a declaratory judgment showing that The Martha Reynolds Trust has never invested with Defendant Dees or his business.

1

6.

Plaintiff asserts the document date May 12, 2010 (Exhibit "B") was a cut and paste (forged) document created by Defendant Dees showing Plaintiff as an owner of his business because Larry Reynolds had no authority to execute any business transactions on behalf of Plaintiff. Under the settlement agreement between The Martha Reynolds Trust and Janice Reynolds Trustee, and Larry Reynolds, trustor all expenditures and income of Plaintiff were clearly presented before the Federal Bankruptcy court and Defendant Dees was not one of those receiving funds. (Exhibit "C").

Plaintiff requests this matter to be referred to the US Attorney for criminal forgery and fraud investigation. Plaintiff arrives at this conclusion as Defendant Dees is a convicted felon and is under active criminal investigation for forgery in a different matter (Exhibit "D").

7.

July 16, 2011, Defendant Dees, without permission or knowledge of Plaintiff, changed the ownership structure of Defendant Aguila Investments, Inc., LLC to show Plaintiff as 75% owner of his business in order to deflect his unpaid vendors away from him, in violation of A.S. 10.06.330,10.06,338 (Exhibit "E"). In order to deflect an active criminal investigation by the Valdez Police Department, Defendant Dees also presented Exhibit "E" to Detective King to muddy up the investigation of theft of invoices owed by Peter Pan Seafood's. The following Monday, July 19, 2011, Defendant Dees went back to the computer to reverse the paperwork showing Plaintiff as owner of Defendant Dees business. See Exhibit "F". We ask the court to refer this matter to the US Attorney for a criminal investigation of fraud and intentional interference with a criminal investigation.

2

WHEREFORE, Plaintiff prays for the following relief:

A. $250,000.00 in damages for the severely damaged reputation of Plaintiff;
B. Defendant be referred to the US Attorney for investigation of his crimes;
C. Full reasonable attorney fees, interest and costs as allowed by law; and
D. Any other relief that is proper, just and equitable on the facts alleged above and/or discovered in the course of litigation.

DATED at Valdez, Alaska this __15th____ day of November, 2012.

The Martha Reynolds Trust

By: *Janice Reynolds*
Janice Reynolds, Trustee

3